IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN MATTHEW CHANCEY, FAIR COURTS AMERICA, and RESTORATION PAC<br><br>Plaintiffs,<br><br>v.<br><br>THE ILLINOIS STATE BOARD OF ELECTIONS; IAN LINNABARY, *in his official capacity as Chair of the Illinois State Board of Elections*; CASANDRA B. WATSON, WILLIAM J. CADIGAN, LAURA K. DONAHUE, TONYA L. GENOVESE, CATHERINE S. MCCRORY; WILLIAM M. MCGUFFAGE, *and* RICK S. TERVEN, SR., *in their official capacities as members of the Illinois State Board of Elections*; KWAME RAOUL, *in his official capacity as Illinois Attorney General*,<br><br>Defendants. | Case No. 1:24–cv–04435<br><br>Honorable Martha M. Pacold<br><br>**Joint Initial Status Report** |

## INTRODUCTION

Plaintiffs, Stephanie Scholl and Frank Bednarz, and Defendants Illinois State Police, Brendan F. Kelly, Jay Robert Pritzker, Kwame Raoul, submit this Joint Initial Status Report pursuant to this Court's order of June 25, 2024. *See* Dkt. 8.

1

## 1. The Nature of the Case:

### A. Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

The parties are represented as follows:

For Plaintiffs Stephanie Scholl and Frank Bednarz, the attorneys are:

Reilly Stephens, *Lead Attorney*
Jeffrey M. Schwab
Liberty Justice Center
13341 W. U.S. Highway 290
Building 2
Austin, Texas 78737
512-481-4400
rstephens@libertyjusticecenter.org

For Defendants, the attorneys are:

Mary A. Johnston
Elizabeth Andonova Mallory
Office of the Illinois Attorney General
Government Representation Division
General Law Bureau
115 S. LaSalle
Chicago, IL 60603
(312) 814-4417/4355
Mary.johston@ilag.gov
E.andonova.mallory@ilag.gov

### B. Briefly describe the nature of the claims asserted in the complaint and any Counterclaims and/or third party claims.

The Plaintiffs in this case challenge Illinois State Police's Automated License

Plate Reader ("ALPR") program, authorized and funded by the Tamera Clayton

Expressway Camera Act, 605 ILCS 140/1 et seq. Plaintiffs contend that the use of this surveillance program to track their movements violates the Fourth Amendment.

**C. Briefly identify the major legal and factual issues in the case.**

The major legal issue is whether the ALPR program as currently operated constituted unreasonable search in violation of the Fourth Amendments. Plaintiffs are not currently aware of what significant factual disputes may exist in this case, and expect this case would likely be appropriate for summary judgment. Defendants agree that they do not anticipate many factual issues and believe the case will be resolved on a motion to dismiss or motion for summary judgment.

**D. State the relief sought by any of the parties.**

Plaintiffs ask this court to enjoin the implementation of the operative version of the Tamera Clayton Expressway Camera Act, 605 ILCS 140/1 et seq., and enjoin Defendants from operating the existing system of ALPRs to track Plaintiffs without a warrant.

**2. Jurisdiction:**

**A. Identify all federal statutes on which federal question jurisdiction is based.**

Plaintiffs claim federal jurisdiction pursuant to 42 U.S.C. § 1983, U.S.C. § 133 1and 28 U.S.C. § 1343, as their claims arise out of the Fourth Amendment to the United States Constitution.

**B. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

N/A

**3. Status of Service: Identify any defendants that have not been served.**

All Defendants were timely served, and no Defendant claims that service was improper.

**4. Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do NOT report whether individual parties have so consented.**

Plaintiffs are aware they may proceed before a Magistrate Judge. There is not unanimous consent to do so.

**5. Motions:**

**A. Briefly describe any pending motions.**

As of this filing, there are no pending motions.

**B. State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

Defendants intend to file a combined motion to dismiss and response to Plaintiff's motion for preliminary injunction on September 10, 2024.

**6. Status of Settlement Discussions:**

**A. Indicate whether any settlement discussions have occurred;**

No settlement discussions have occurred.

**B. Describe the status of any settlement discussions; and**

N/A

**C. Whether the parties request a settlement conference.**

As this case is a constitutional challenge to the Illinois State Police's surveillance program, seeking only injunctive relief, the parties do not expect that a settlement conference would be a productive endeavor.

**Proposed Case Management Schedule under Fed. R. Civ. P. 16 and 26(f)**

**1.     Rule 26(a)(1) Disclosures**

The parties propose to complete the Rule 26(a)(1) disclosures by October 1, 2024.

**2.     Proposed Discovery Plan (Fed. R. Civ. P. 26(f)(3))**

**(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

The parties propose to complete the Rule 26(a)(1) disclosures by October 1, 2024.

**(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

The parties anticipate that some discovery may be appropriate to establish details regarding the operation and oversight of the challenged program. The parties do not anticipate any such discovery to be extensive, as this is a constitutional challenge for which there may or may not be significant disputed facts.

5

**(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

The parties agree that, to the extent that discovery is necessary, they will exchange discovery in electronic format.

**(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

The parties do not anticipate the necessity of any protective order at this time, but to the extent that privilege is raised and/or either party raises a request for a protective order, the parties agree to discuss these issues and attempt to resolve any such disputes.

**(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

None at this time.

**(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

None.

**3. Time to join other parties**

The deadline to join any other party shall be within 14 days after this Court rules on Defendant's Motion to Dismiss.

**4. Deadline to amend the pleadings.**

2

The deadline to amend the pleadings shall be within 14 days after this Court rules on Defendant's Motion to Dismiss.

## 5. Discovery deadlines

### a. Time to issue written discovery

The parties shall issue written discovery requests within 30 days after this Court rules on Defendant's Motion to Dismiss. In the alternative, should the parties agree to move forward on cross-motions for summary judgment without discovery and with an agreed statement of facts, the parties shall set forth an agreed statement of facts within 30 days after this Court rules on Defendant Attorney General's Motion to Dismiss.

### b. Close of fact discovery

If necessary, the close of fact discovery shall be 6 months after the Court rules on Defendant's Motion to Dismiss.

### c. Expert discovery

If necessary, the plaintiffs' expert disclosures shall be due 1 month after the closing of written discovery and defendants' expert disclosures shall be due 1 month after plaintiffs' expert disclosures are served.

## 6. Time to file motions for summary judgment

Dispositive motions shall be due 30 days after the close of expert discovery, and if none, then 30 days after the close of fact discovery. In the alternative, should the

parties agree to proceed on cross-motions for summary judgment without discovery, then the parties shall file cross-summary judgment motions within 30 days of filing the agreed statement of facts. In order to avoid repetitive briefing, the parties propose the following briefing schedule:

> Plaintiffs' motion for summary judgment: 30 days after the close of discovery or the parties' filing of the agreed statement of facts

> Defendants' combined response to Plaintiffs' motion and cross-motion for summary judgment: 30 days after Plaintiffs' motion for summary judgment

> Plaintiffs' combined reply in support of their motion and response to Defendants' motion: 30 days after Defendants' combined response/motion

> Defendants' reply in support of their motion for summary judgment: 30 days after Plaintiffs' combined reply/response

## 7. Time needed for trial

Should this case proceed to trial, the parties anticipate that trial would last no longer than 2 days.

Respectfully submitted,

/s/ Reilly Stephens
Reilly Stephens
Jeffrey M. Schwab
Liberty Justice Center
13341 W. U.S. Highway 290
Building 2
Austin, Texas 78737
512-481-4400
rstephens@libertyjusticecenter.org
*Counsel for Plaintiffs*

4

<u>/s/Mary A. Johnston</u>
Mary A. Johnston
Elizabeth Andonova Mallory
Office of the Illinois Attorney General
Government Representation Division
General Law Bureau
115 S. LaSalle
Chicago, IL 60603
(312) 814-4417/4355
Mary.johston@ilag.gov
E.andonova.mallory@ilag.gov