UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE SCHOLL and FRANK BEDNARZ, <br><br> Plaintiffs <br><br> v. <br><br> ILLINOIS STATE POLICE; BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police; JAY ROBERT PRITZKER, in his official capacity as Governor of the State of Illinois; KWAME RAOUL, in his official capacity as Attorney General of Illinois, <br><br> Defendants. | Case No. 24-cv-4435 <br><br> The Honorable Martha M. Pacold |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF
SUPPLEMENTAL AUTHORITY**

Defendants the Illinois State Police ("ISP"), Brendan F. Kelly, Governor Jay Robert Pritzker, and Attorney General Kwame Raoul, by their attorney, Kwame Raoul, Attorney General of Illinois, respond to Plaintiff's supplemental authority as follows:

Plaintiffs filed a notice of supplemental authority on January 13, 2025. ECF No. 35. The alleged authority is an article from *Chicago Reader* originally published on January 8, 2025, and related to the use of Automated License Plate Reader ("ALPR") data. *See* Shawn Mulcahy, "On Display," CHICAGO READER, originally published Jan. 8, 2025, updated Jan. 9, 2025, at 5:30 PM.[1] The article largely relies on information from a video posted on YouTube by an individual named

---

[1] *Available at* https://chicago.reader.com/news/license-plate-motorola-privacy/ (last accessed Jan. 15, 2025).

1

Matt Brown who asserted that information from the ALPRs could potentially be accessed by certain members of the public. *See* "On Display."

Defendants note that Plaintiff's notice of supplemental authority does not cite any authority and fails to accurately reflect the status of ALPRs in Illinois. Specifically, Plaintiff's filing does not discuss the January 9, 2025 update to the article, which includes a statement from an ISP spokesperson. ISP reported that Motorola (the manufacturer of the ALPRs) informed ISP on January 3, 2025, of a "potential technical issue affecting a limited number of license plate readers"; Motorola has taken the impacted devices offline for physical inspection. *See id.*

Moreover, any security issue with certain ALPR cameras, which Plaintiffs do not suggest affected them in any way, does not affect whether the use of ALPRs generally violates the Fourth Amendment. As discussed in the briefing on Plaintiff's motion for preliminary injunction and Defendants' motion to dismiss and at the oral argument on December 12, 2024, the use of ALPRs falls squarely within constitutional bounds.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's motion for preliminary injunction and grant Defendants' motion to dismiss Plaintiff's complaint.

January 16, 2025                                       Respectfully submitted,

                                                       */s/ Mary A. Johnston*

                                                       Mary A. Johnston
                                                       Office of the Illinois Attorney General
                                                       Government Representation Division
                                                       General Law Bureau
                                                       115 South LaSalle
                                                       Chicago, Illinois 60603
                                                       (312) 814-4417
                                                       Mary.Johnston@ilag.gov

                                                       *Counsel for Defendants*